U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2012 JAN -9 PM 4: 53

CLERK

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA   )
                           )
v.                         )    Case No. 11-cr-109
                           )
WILLIAM ROY                )

**OPINION AND ORDER CONDITIONALLY DENYING DEFENDANT'S
MOTION TO DISMISS INDICTMENT**
(Doc. 40)

This matter comes before the court on Defendant William Roy's motion to dismiss the Indictment on the basis that the Indictment fails to state an offense, is "duplicitous," and is based on a statute that is unconstitutional as applied to him. (Doc. 40.) The Government opposes the motion. The parties have waived oral argument. The Government is represented by AUSA Kevin J. Doyle. Defendant is represented by Bradley S. Stetler, Esq.

The Indictment charges Defendant as follows:

> From in or about August 2008 through August 2011, in the District of Vermont and elsewhere, the defendant, WILLIAM ROY, a person required to register under the Sex Offender Registration and Notification Act [SORNA], having traveled in interstate commerce, did knowingly fail to register or update his registration as a sex offender.
>
> (18 U.S.C. § 2250(a))

(Doc. 36.)

Defendant's facial challenge to the Indictment is twofold. First, he asserts that because the Indictment does not state that he had been convicted of a "sex offense" included in SORNA, it fails to allege an essential element of the charge against him. Second, he argues that because the Indictment alleges potentially three or four violations of SORNA, it joins two or more distinct crimes in a single count, requiring its dismissal as "duplicitous."

I.      **Factual Background.**

The following facts are undisputed for purposes of the pending motion. They are gleaned from a May 27, 2011 affidavit submitted by Senior Inspector Joseph M. Gaines of the U.S. Marshals Service in support of the initial criminal Complaint filed against Defendant. Defendant hypothesizes that this same evidence was presented to the grand jury. In its Opposition, the Government does not dispute this contention.

On September 9, 1993, Defendant was convicted in New Hampshire of two counts of aggravated felonious sexual assault, one count of attempted theft by extortion, and one count of kidnapping. Defendant served ten years and was released on February 2, 2003.

Prior to his release, Defendant signed a New Hampshire "Offender Register Information" form, wherein Defendant acknowledged that he is a convicted sex offender, is required to register and update his registration annually for the rest of his life, and must register with local law enforcement within thirty days of changing his address. At the time of his release, Defendant listed his address as 269 Hanover Street, Apt. 2, Lebanon, New Hampshire. Defendant last updated his registration on May 6, 2008, and indicated his address was 615 8th Avenue, San Diego, California.

In April 2011, New Hampshire law enforcement contacted the San Diego Police Department to determine whether Defendant had registered in California as a sex offender. California had no record of Defendant registering.

On February 24, 2011, New Hampshire law enforcement provided information to the Vermont Sex Offender Registry that Defendant was living at 380 East Cobble Hill Road in Barre, Vermont. Pursuant to Vermont law, Defendant was required to register for up to ten years after he completed his prison term if he moved to Vermont during that ten year period. According to this law, Defendant was thus required to register in Vermont upon moving here until 2013.

On March 2, 2011, Senior Inspector Gaines spoke in person with Defendant, who told him that he had been living at the Barre address since September of 2008. After interviewing Defendant's wife, Maryanne Holland, Senior Inspector Gaines learned that Defendant had been living in Vermont since 2007 and at the address in Barre since

2

August 2008. As of May 25, 2011, Defendant had not registered in Vermont, despite being provided a copy of a "Notification of Duty to Register as a Sex Offender" form informing him of his obligation to register.

Shortly after speaking with Senior Inspector Gaines, and while allegedly "on the run" from local authorities, Defendant stayed at the Hollow Inn in Barre, Vermont from March 9, 2011 until March 14, 2011. He then purchased a recreation vehicle in New Hampshire and drove to Florida. Florida law enforcement sent Senior Inspector Gaines a record check, which indicated that Defendant had not registered in Florida as a sexual offender prior to May 16, 2011. Defendant called his wife at some time in April or May of 2011 and indicated that he had been in New Hampshire.

Defendant's sister-in-law, Evelyn Roy, stated that Defendant had visited her at her home in New Hampshire in March of 2011. She stated that Defendant did not live at her residence at 269 Hanover Street, Apt. 2, Lebanon, New Hampshire at any time in 2008.

II.   **Conclusions of Law and Analysis.**

   **A. Whether the Indictment Fails to State an Offense.**

In seeking dismissal of the Indictment pursuant to Fed. R. Crim. P. 12(b)(3), Defendant first contends that the Indictment fails to state an offense because it does not allege that he was convicted of a "sex offense" under SORNA.[1] In response, the Government points out that the Indictment tracks the statutory language of a violation of 18 U.S.C. § 2250, and therefore adequately alleges a criminal offense.

Fed. R. Crim. P. 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In order to meet these requirements, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975).

To determine whether the Indictment in this case is sufficient, the court thus examines the statute in question, which provides:

---

[1] Defendant does not argue that his underlying New Hampshire conviction for Aggravated Felonious Sexual Assault does not qualify as a "sex offense" under SORNA.

3

> Whoever
>
> **(1)** is required to register under the Sex Offender Registration and Notification Act;
>
> . . .
>
> **(B)** travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> **(3)** knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The Indictment at issue here tracks the statutory language and alleges that on the dates identified, in Vermont and elsewhere, Defendant, a person required to register under SORNA, knowingly failed to register after traveling in interstate commerce. Other courts have held similarly worded indictments state an offense. *See, e.g., United States v. Dean*, 606 F. Supp. 2d 1335, 1338 (M.D. Ala. 2009) (determining an indictment that alleged defendant failed to register as required under SORNA was not deficient because "it was *unnecessary* for the United States to allege the alternative means for conviction-being a sex offender for purposes of SORNA by reason of a conviction under the set of laws described in § 2250(a)(2)(A) . . . the allegation that the defendant was required to register under SORNA necessarily implies that he was a sex offender under SORNA."); *United States v. Leader*, 2011 WL 1584367, at *5 (E.D. Wash. Apr. 27, 2011) (concluding indictment sufficiently stated the three elements of § 2250(a) where it alleged that "on or about and between April 21, 2010, and December 23, 2010, in the Eastern District of Washington, [defendant], a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and did knowingly fail to register and update a registration, in violation of 18 U.S.C. § 2250(a).").

In any event, it is not enough to merely identify an alleged deficiency in an indictment; a criminal defendant must go further and demonstrate that the alleged deficiency caused him or her prejudice. *See United States v. Benjamin*, 2011 WL

4929534, at *1 (D. Vt. Oct. 17, 2011) ("[S]imply point[ing] out the discrepancy between an indictment and a statute will fail when a defendant does not contend that [the] imprecision made him unable to prepare an adequate defense[] or to be aware of the charge against him, or otherwise specifically impaired his ability to defend himself.") (quoting *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998)) (internal quotation marks omitted). Consequently, even where an indictment is "not a model of clarity," the Second Circuit has "repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity." *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999) (quoting *United States v. McClean*, 528 F.2d 1250, 1257 (2d Cir. 1976)).

Because the allegations of the Indictment are sufficient to state an offense, and because Defendant has not demonstrated prejudice as a result of the alleged imprecision in describing the underlying offense as a "sex offense" under SORNA, Defendant's motion to dismiss the Indictment for failure to state an offense is DENIED.

### B. Whether the Indictment is "Duplicitous."

Defendant's second argument is less easily disposed of. As Defendant points out, the facts giving rise to the case against him arguably support as many as four SORNA violations for Defendant's failure to register as a sex offender in the states of Vermont, Florida, California, and New Hampshire over a three year period. Citing 42 U.S.C. § 16913(c), Defendant contends that a violation of SORNA is complete when a sex offender fails to register within three days of interstate travel, and therefore SORNA violations are not continuing offenses. Accordingly, Defendant seeks dismissal of the Indictment on the basis that it alleges several offenses in a single count. The Government responds that the Indictment is not "duplicitous" because it charges a single continuous offense over a three-year period.

"An indictment is duplicitous if it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992). The policy considerations underlying the rule against "duplicitous" indictments include:

> avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another,

> avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981).

However, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *Aracri*, 968 F.2d at 1518 (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989)). An offense is "continuing" when indicated as such by "the explicit language of the substantive criminal statute," or when "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115 (1970).

As Defendant points out, SORNA does not explicitly state that a violation thereunder is a continuing offense. The issue is thus whether the nature of the crime is such that Congress must have intended SORNA violations to be treated as continuing in nature.[2] The Second Circuit has not resolved this question. *See United States v. Van Buren*, 599 F.3d 170, 173 n.2 (2d Cir. 2010) (stating "we express no opinion about [defendant's] continuing registration obligations under SORNA"). Other courts have taken divergent approaches. For example, some district courts have concluded that a SORNA violation is a one-time offense. *See, e.g., United States v. Aldrich*, 2008 WL 427483, at *4 (D. Neb. Feb. 14, 2008) (holding that defendant's failure to register in compliance with SORNA "is a one-time offense, not a continuing violation"); *United*

---

[2] Congress' intent in enacting SORNA appears more pointedly directed to establishing uniform requirements for sex offender registration than addressing the continuing versus non-continuing offense distinction. SORNA is intended "to protect the public from sex offenders and offenders against children," and Congress intended to "establish[] a comprehensive national system for the registration of those offenders[.]" 42 U.S.C. § 16901. As the Eighth Circuit observed, "[t]his language indicates Congress wanted registration to track the movement of sex offenders through different jurisdictions." *United States v. Howell*, 552 F.3d 709, 716 (8th Cir. 2009); *see United States v. Ditomasso*, 552 F. Supp. 2d 233, 236 (D. R.I. 2008) ("SORNA is essentially an effort by Congress to close the loopholes in previous sex offender registration legislation and to standardize registration across the states.").

*States v. Terwilliger*, 2008 WL 50075, at *3 (S.D. Cal. Jan. 3, 2008) (stating "a violation of § 2250 is not a continuing offense but, rather, is complete when the defendant travels in interstate commerce and then fails to register within the prescribed time period."). On the other hand, a number of circuit courts have concluded that SORNA violations are continuing offenses. *See United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010) (interpreting "the violation of the sex offender registration requirement as a continuing offense."); *United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011) (joining "all of the courts that have recognized a 'continuing' SORNA violation [and] have found that the violation continues until the defendant is arrested *or* registers."); *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008) ("An interpretation of the sex offender registration requirement that defines it in any way other than as a continuing offense would result in absurdity.").

In this case, the court need not resolve whether a SORNA violation is a continuing offense because here the Indictment arguably alleges *several* continuing offenses. The Eighth Circuit's decision in *Pietrantonio* is instructive. There, despite its conclusion that a SORNA violation is a continuing offense, the Eighth Circuit found the indictment in that case "duplicitous" because it alleged defendant moved several times in interstate commerce to different states without registering as a sex offender. 637 F.3d at 870. The trial court's jury instruction "did not request any specific finding [from the jury] as to where the defendant knowingly failed to update his registration, and the evidence at trial suggested that it could have occurred in Minnesota, Nevada and/or Massachusetts." *Id.* As a result, although the indictment was not "duplicitous on its face," once "the government presented evidence of the possible Massachusetts violation [at trial] . . . the indictment became duplicitous[.]" *Id.* at 871.

As in *Pietrantonio*, the facts of this case present multiple separate and distinct potential SORNA violations as well as an overarching continuous offense. Although a

7

jury instruction may remedy this confusion at trial,[3] it does not address the present concerns with the Indictment.

For example, were Defendant to plead "guilty" to the Indictment tomorrow, it would remain uncertain as to which failure to register was the factual basis for his SORNA conviction without an examination of the plea colloquy. *See generally United States v. Barret*, 2011 WL 6780901, at *2 (E.D.N.Y. Nov. 27, 2011) (noting a "duplicitous" indictment raises in the potential risk that "it would be unclear as to whether the defendant was found guilty of only one crime and not the other, or guilty of both."); *United States v. McDade*, 827 F. Supp. 1153, 1187 (E.D. Pa. 1993) (same). In turn, it would be equally uncertain as to which future prosecutions were barred by the Double Jeopardy Clause. *See United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980) ("[T]he prohibition of duplicity is said to implicate a defendant's right . . . to protection against double jeopardy in a subsequent prosecution."); *United States v. Drury*, 687 F.2d 63, 66 (5th Cir. 1982) (noting "duplicity is prohibited because confusion as to the basis of the verdict may subject defendant to double jeopardy in the event of a subsequent prosecution."); *United States v. Tanner*, 471 F.2d 128, 139 (7th Cir. 1972) (same). Finally, Defendant may have defenses to certain alleged SORNA violations that are not available with regard to others. *See, e.g.*, 1A FED. PRAC. & PROC. CRIM. § 142 (4th ed. 2011) ("Duplicitous charges also make it more difficult to determine if the earlier alleged crime occurred beyond the statute of limitations."). An indictment must at least provide sufficient factual information to allow a criminal defendant to frame an adequate defense. *See United States v. Turkish*, 623 F.2d 769, 771 (2d Cir. 1980) (concluding indictment contains sufficient essential facts to inform defendant of the charges against him and enable him to prepare his plea and his defense); *Brenner v. United States*, 287 F. 636, 640 (2d Cir. 1922) ("It is essential to the sufficiency of the indictment that it set forth the facts

---

[3] The Government acknowledges that although the Indictment charges Defendant with failing to register from August 2008 through August 2011 in Vermont and elsewhere, the jury must unanimously conclude that he failed to register or update his registration in at least one of the jurisdictions in which he resided during that time period.

which the pleader claims constitute the alleged criminal breach so distinctly as to advise the accused of the charge which he has to meet and to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in advance of another prosecution for the same offense[.]").

In summary, although on its face the Indictment may not be "duplicitous," when considered in the context of the underlying facts, it clearly "joins two or more distinct crimes in a single count." *Aracri*, 968 F.2d at 1518. On this basis alone, dismissal may be warranted. *See, e.g., United States v. Bachman*, 164 F. Supp. 898, 900 (D. D.C. 1958) ("[E]ach count of an indictment must contain no more than one offense, and if there are two or more separate and distinct offenses charged in one count, the indictment becomes subject to a motion to dismiss."). However, the better practice is to first allow the Government to cure a "duplicitous" indictment by electing the offense on which it will proceed. *See United States v. Shumpert Hood*, 210 F.3d 660, 663 (6th Cir. 2000); *see also United States v. Cervone*, 1988 WL 155641, at *9 (E.D.N.Y. May 18, 1988) ("As is proper for pleading rules, duplicity and multiplicity are not fatal to an indictment or information" and may be cured by the government's election of the offense charged) (quoting 1 C. Wright, FEDERAL PRACTICE AND PROCEDURE § 142, at 475 (2d ed. 1988)). The court thus conditionally DENIES Defendant's motion to dismiss the Indictment as "duplicitous" and hereby GRANTS the Government twenty (20) days to elect the SORNA offense on which it will proceed at trial.

The court does not reach Defendant's remaining challenges at this time in light of the Government's potential election (which may alter the nature of Defendant's constitutional challenges) or, if no election occurs, in the event of the potential dismissal of the Indictment. If the Government notifies Defendant of its election in the time period provided, Defendant shall have fourteen (14) days thereafter to notify the court whether Defendant seeks to pursue some or all of its remaining challenges to the Indictment.

## CONCLUSION

For the reasons stated above, the court hereby conditionally DENIES Defendant's motion to dismiss the Indictment. (Doc. 40.)

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 9th day of January, 2012.

Christina Reiss, Chief Judge
United States District Court